IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH LEYVA,

        Plaintiff,                No. CIV S-08-0076 LKK KJM P

    vs.

LT. MORENO, et al.

        Defendants.          FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that during a February 2004 classification hearing, defendant Mandeville ignored his complaints about a prior improper disciplinary hearing and directed him transferred to Pelican Bay State Prison in retaliation for those complaints and because he was "tired of playing games with the Northern Hispanics." Plaintiff also complains about the manner in which the disciplinary hearing of October 2003 was conducted; the court, however, did not order the complaint served on those alleged to be involved in the falsification of reports and the denial of plaintiff's request to call witnesses, replace the hearing officer and take a polygraph examination. See Order filed June 4, 2008 (docket no. 4).

/////

/////

Defendant Mandeville had filed a motion to dismiss, arguing that the complaint fails to state a claim upon which relief can be granted, and that plaintiff has failed to exhaust his administrative remedies.

I.  Exhaustion Of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (§ 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...." Woodford v. Ngo, 548 U.S. 81, 90 (2006). However, an inmate is required to exhaust those remedies that are available; for a remedy to be "available," there must be the "possibility of some relief. . . ." Booth, 532 U.S. at 738.

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. The grievance process must be completed before the inmate

1  files suit; exhaustion during the pendency of the litigation will not save an action from dismissal.
2  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

    A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2002), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case,. . . . With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

    Defendants have submitted two declarations and a number of supporting documents in support of their motion. The first is from R. Carter, an appeals coordinator at California State Prison–Sacramento. Carter avers, in essence, that plaintiff submitted a disciplinary appeal for processing and pursued this only through the second level, where it was denied. Declaration of R. Carter (Carter Decl.) ¶ 4. This grievance, SAC-C-04-00680, challenges the results of a disciplinary hearing at which plaintiff was found guilty of attempted murder as charged in a rules violation report. Carter Decl., Ex. B. This grievance has nothing to do with plaintiff's claim against defendant Mandeville. A second disciplinary grievance, Carter explains, was screened out at the informal level in April 2004 for failure to comply with

/////

institutional rules. Carter Decl. ¶ 4 & Ex. C. Defendant has not provided a copy of this grievance.

Carter has provided a print-out of an Inmate Appeals Tracking System record of plaintiff's grievances. Carter Decl. ¶ 2 & Ex. A. Carter explains that all grievances reviewed at the First or Second Level or screened out for procedural irregularities are included in this record. Id. ¶ 2. In the "screen outs" section of the print-out, only one grievance -- from December 2004 -- is listed. Id., Ex. 2. Carter does not explain why the second disciplinary grievance screened out in April 2004 is not reflected on this form. While it might be one of those listed without a log number in the section "Appeal History," Carter does not make this clear. Because the court cannot determine that this record is reliable or even exactly what it shows, the court will not rely on it as a complete record of plaintiff's grievance history.

N. Grannis, the Chief of the Inmate Appeals Branch, avers that SAC-C-O4-00680 was screened out at the Director's Level on July 30, 2004, because plaintiff had not attached all the necessary documentation, and then again on June 8, 2005, because it was not timely. Declaration of N. Grannis (Grannis Decl.) ¶¶ 4a, 4b. She also notes that an appeal identified as PBSP-06-00028, apparently regarding custody/classification issues, was denied on July 20, 2006. Id. ¶ 4c & Ex. A. Defendant has not provided a copy of the latter grievance, and its number does not correspond to anything the court can locate in the record on the pending motion. Grannis additionally avers that the Inmate Appeal Tracking System shows all the appeals from plaintiff accepted or screened out at the Director's Level. Nothing in Grannis's declaration suggests that the tracking system is any different at the Directors's Level than at the institutional level. In light of the problems with the institutional record identified here, the court similarly declines to rely on the Director's Level report to establish plaintiff's failure to exhaust.

Because defendant Mandeville has not presented a reliable record of plaintiff's utilization of the grievance process, he has not borne his burden of establishing plaintiff's failure to exhaust administrative remedies with respect to the claim again him.

## II. Failure To State A Claim

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

That said, in order to avoid dismissal a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

### A. Claims Relating To The Disciplinary Hearing

Defendant is correct that plaintiff's claims relating to the disciplinary hearing are barred under the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), which held that a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. Id. at 486-87. In Edwards v. Balisok, 520 U.S. 641, 643 (1997), the Court ruled Heck applied to actions "challenging the validity of the procedures used to deprive an inmate of good-time credits. . . ." Plaintiff has not claimed that the disciplinary finding has been reversed.

As noted, the court did not order the complaint served as to those defendants who participated in the disciplinary hearing; it found service appropriate for defendant Mandeville, who was not alleged to have participated in this hearing. However, to the extent the court's

/////

service order can be interpreted as including Mandeville in this claim, the motion to dismiss is appropriate.

B. <u>Cruel And Unusual Punishment</u>

Plaintiff alleges his transfer to the Segregated Housing Unit (SHU) at Pelican Bay State Prison subjected him to cruel and unusual punishment because defendant Mandeville "disregard[ed] Plaintiff's hardship," i.e., his father's inability to travel to Pelican Bay for visiting. Compl. ¶¶ 31, 41.

To state a claim under the Eighth Amendment, plaintiff must allege that prison conditions denied him "the minimal civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Plaintiff's claimed hardship -- his father's inability to visit him at Pelican Bay -- does not state a claim of an Eighth Amendment violation. <u>Wirsching v. Colorado</u>, 360 F.3d 1191, 1205 (10th Cir. 2004) ("visitation with a particular person does not constitute basic necessity, the denial of which would violate the Eighth Amendment").

C. <u>Retaliation</u>

Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation. <u>Rhodes v. Robinson</u>, 408 F.3d 559 (9th Cir. 2005).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

<u>Id</u>. at 567-68 (footnote omitted). An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation. <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir.1989). Moreover, the protected conduct grounding a retaliation claim need not rise to the level of a formal grievance: in <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1127 (9th Cir. 2001), the court found inmates' complaints about the

management and policies of the institutional law library were protected conduct for purposes of a retaliation claim.

In this case, plaintiff alleges that defendant Mandeville ordered him transferred to Pelican Bay in retaliation for his complaints about the conduct of the disciplinary hearing and because Mandeville "was tired of playing games with Northern Hispanics." Compl. ¶¶ 29-30. Plaintiff's claim that the transfer stemmed in part from his complaints about the disciplinary hearing provides a basis for his retaliation claim.

Defendant also argues plaintiff has not alleged that his First Amendment rights were chilled by Mandeville's action. However, the Ninth Circuit has found that the element of an adverse action can be satisfied by an inmate's claim that he was transferred in retaliation for the exercise of his First Amendment rights. Pratt, 65 F.3d at 806. Plaintiff has adequately pleaded his retaliation claim.

IT IS HEREBY RECOMMENDED that:

1. To the extent the complaint can be read as alleging Fourteenth and Eighth Amendment claims against defendant Mandeville, the motion to dismiss (docket no. 14) be granted for failure to state a claim;

2. To the extent that the motion to dismiss is based on the failure to exhaust administrative remedies, it be denied without prejudice; and

3. To the extent the motion to dismiss challenges the retaliation cause of action for failure to state a claim, it be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  August 24, 2009.

_____
U.S. MAGISTRATE JUDGE

2

leyv0076.mtd