IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH M. LEYVA,

      Plaintiff,   No. CIV S-08-0076 LKK CKD P

  vs.

MORENO, et al.,

      Defendant.   <u>ORDER</u>

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  This case proceeds on the original complaint filed December 5, 2007 and transferred to this district on January 11, 2008.  (Dkt. No. 1.)  The sole operative claim is that defendant Mandeville ordered plaintiff transferred to Pelican Bay State Prison in retaliation for plaintiff's exercise of his First Amendment Rights, all other claims having been dismissed.  (Dkt. Nos. 28, 30.)  Pending before the court is plaintiff's April 4, 2011 motion to compel discovery against defendant Mandeville and several non-party defendants who have not appeared or been served with the complaint.  (Dkt. No. 51.)  On April 13, 2011, defendant Mandeville filed an opposition to the motion.  (Dkt. No. 52.)

      As defendant points out, the motion to compel is untimely.  Per the court's scheduling order of October 22, 2010, the deadline for filing motions to compel was February 4,

1  2011.¹  (Dkt. No. 42 at 5.)  A schedule may be modified upon a showing of good cause. Fed. R.
2  Civ. P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the
3  deadline despite exercising due diligence.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
4  609 (9th Cir. 1992).  Here, plaintiff has not shown – nor attempted to show – that he could not
5  have filed his motion to compel discovery by the February 4, 2011 deadline.  Thus, the court will
6  deny plaintiff's motion to compel due to untimeliness.  See U.S. Dominator, Inc. v. Factory Ship
7  Robert E. Resoff, 768 F.2d 1099, 1103-04 (9th Cir.1985) (holding that district courts may deny
8  as untimely motions filed after a cut-off date), superseded by statute on other grounds.

9  Moreover, plaintiff has filed neither the discovery requests at issue nor proofs of
10 service showing that defendant Mandeville was served with these requests.  While his motion
11 describes certain information he hoped to obtain in discovery, plaintiff has provided the court no
12 record of what discovery requests he actually served on defendant Mandeville, when he served it,
13 or what objections defendant Mandeville raised to these requests.  Lacking the necessary basis on
14 which to rule on plaintiff's motion, the court will deny the motion to compel for this reason as
15 well.  See Cal. Local Rule 250.2(c), requiring interrogatories "at issue" in a proceeding to be
16 filed with the court; Palmer v. Crotty, 2010 WL 4279423 at *1 (E.D. Cal. Oct. 22, 2010)
17 (denying plaintiff's motion to compel because plaintiff did not attach discovery requests at issue
18 or any evidence that he served discovery requests on defendant).
19 ////
20 ////
21 ////
22 ////
23 ////

---

¹ Although the court on August 16, 2011 vacated all remaining deadlines in this scheduling order pending the outcome of defendant's motion for summary judgment, the scheduling order was in effect when plaintiff filed his motion to compel, and no subsequent order altered the February 4, 2011 discovery deadline.

1    Accordingly, IT IS HEREBY ORDERED THAT plaintiff's April 4, 2011 motion
2 to compel discovery (Dkt. No. 51) is denied.

Dated: December 2, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / leyv0076.mtc